HENRY BARNES v. HANS CHRISTOFFERSON.[1]

Oct. 30, 1895.

Nos. 9627—(191).

**Evidence—Objection Waived.**

The plaintiff, being a witness in his own behalf, was cross-examined by the defendant as to certain conversation with one B., from whom the defendant claimed to have purchased the property, and having answered as to such conversation, and given the details thereof, the plaintiff introduced further testimony relating to the same conversation, without objection from the defendant, although he was fully advised of the exact nature of the answer sought to be elicited; and thereupon he moved to strike out such testimony, which motion the court denied. *Held* no error.

[1] Reported in 64 N. W. 821.

Appeal by defendant from an order of the district court for Marshall county, Ives, J., denying a motion for a new trial. Affirmed.

*Brown & Carr*, for appellant.

*E. M. Stanton*, for respondent.

BUCK, J. This is an action of replevin, brought to recover a span of horses, or, if a return thereof could not be had, that plaintiff have judgment for the sum of $250, the value thereof, and $2 per day for the use of said horses from October 18, 1893. Answer substantially a general denial.

In October, 1892, the plaintiff brought a drove of horses into Marshall county, in this state, and in the same month gave the horses in controversy into the possession of one Peter Barland, who kept the continual and exclusive possession of them for more than a year thereafter; working them on his farm, and otherwise using them as his own. While Barland was thus in possession of these horses, he executed a chattel mortgage thereon to defendant, dated February 4, 1893, and it is under this mortgage that the defendant claims title to them. About the middle of October, 1893, Barland absconded, and his whereabouts were unknown to these parties. The defendant immediately took possession of the horses under his mortgage, and shortly thereafter the plaintiff brought this action against him to recover possession of the horses, claiming to be the owner thereof. On the trial the plaintiff introduced testimony to show that he owned the horses during all of the time that Barland had possession of them, and that he only let Barland have the horses to keep, and that he never in any manner sold them to Barland. The plaintiff obtained a verdict in his favor,—for the return thereof, or for damages in case a return thereof could not be had, and damages for the use of the horses.

During the trial the plaintiff called a witness by the name of Robert Kruse, who testified, in behalf of the plaintiff, that in June or July, 1893, he heard a conversation between Barnes and Barland, in which Barnes said, "Barland, I understand that you have given Christofferson a mortgage on my horses." Barland answered, and said: "Well, I don't know as I have. * * * I told him the horses were not mine," and that he did not know that Christofferson had, but might have, put them in,—meaning, as we understand the

evidence, that Christofferson might have inserted a description of the horses in the mortgage without Barland's knowledge. The court denied defendant's motion to strike out this evidence.

The refusal to strike out this evidence might have been error, had not the defendant previously, upon the cross-examination of the plaintiff, drawn out evidence of the same conversation, in full. With this evidence before him, and in view of the specific nature of the questions to Kruse, the plaintiff was fully advised as to the exact nature of the testimony sought to be elicited, and yet made no objection to the question. Under the circumstances, it was not error to refuse to strike out the evidence after the question was answered.

The defendant contends, further, that he was entitled, as a matter of absolute right, to have an attachment issued for a witness who did not attend the trial. The motion for this attachment is as follows: "Defendant moves the court for a continuance, and asks for process to bring in the witness Allen Boyce; he having been subpœnaed, and his fees paid." There was no proof that he was not present, or that he was ever subpœnaed, or his fees paid, or that his testimony was material. The affidavit in the paper book upon this subject does not appear to be a part of the settled case, or to have been used as the grounds upon which the motion for attachment of the witness was made. We need not, therefore, consider the matter further.

The order denying a motion for a new trial is affirmed.